UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:12CV2070 JCH |
| ) | |
| BRIAN D. HALL, et al., ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Ronald Jordan's Request for Damages Attributable to Defendant Paul Johnson, filed June 16, 2015. (ECF No. 221). The motion is fully briefed and ready for disposition.

By way of background, Plaintiff filed his Complaint in this matter against several Defendants on November 2, 2012. With respect to Defendant Johnson, Plaintiff alleged that in late 2010, Defendant Johnson deliberately obstructed Plaintiff's right to seek redress of grievances, when he did not process and instead discarded Plaintiff's submitted Informal Resolution Request. Plaintiff further alleged that Defendant Johnson retaliated against Plaintiff in response to Plaintiff's exercise of his right to file grievances, by unduly prolonging Plaintiff's confinement in a restrictive housing unit, and by attempting to have Plaintiff fired from his prison job.

On September 11, 2014, in response to a series of Motions to Compel filed by Plaintiff, the Court ordered that Defendants' responses to all outstanding discovery requests were to be postmarked no later than Monday, October 6, 2014. The Court warned that "[a]ny Defendant's failure to comply with such directive may result in the imposition of sanctions against such Defendant, up to and including the striking of his pleadings." Defendant Johnson failed to respond

to Plaintiff's discovery requests, and the Court therefore struck his pleadings on March 4, 2015. The Clerk of Court then entered default against Defendant Johnson on March 17, 2015.

As stated above, Plaintiff filed the instant Request for Damages Attributable to Defendant Paul Johnson on June 16, 2015. Assistant Attorney General Katherine Walsh filed a response to Plaintiff's motion on July 29, 2015, and Plaintiff filed his reply on August 10, 2015. The parties have now been afforded a full and fair opportunity to submit evidence on the issue of monetary relief, and so the Court may determine the relief to which Plaintiff is entitled pursuant to Fed.R.Civ.P. 55(b)(2).[2] *See Taylor v. City of Baldwin, Mo.*, 859 F.2d 1330, 1333 (8th Cir. 1988) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)) ("'[i]t is a familiar practice . . . for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly'"). Therefore, upon careful consideration of the record before it, the Court now awards Plaintiff damages against Defendant Johnson as follows:

---

[2] Because the Clerk has entered default against Defendant Johnson, he has "no further standing to contest the factual allegations of plaintiff's claim for relief." *Taylor*, 859 F.2d at 1333 n.7 (internal quotations and citations omitted). Instead, the "allegations of the complaint except as to the amount of damages are taken as true." *Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) (internal quotations and citations omitted).

| | |
|---|---|
| Actual Damages: | $186.00 |
| Punitive Damages: | $1,000.00 |
| Costs: | $454.50 |

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request for Damages Attributable to Defendant Paul Johnson (ECF No. 221) is **GRANTED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiff is awarded damages in the amount of $1,186.00.

**IT IS FURTHER ORDERED** that Plaintiff is awarded costs in the amount of $454.50.


Dated this __1st__ Day of September, 2015.

\s\   Jean C. Hamilton
UNITED STATES DISTRICT JUDGE