UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONALD JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12CV2070 JCH |
| | ) |
| BRIAN D. HALL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Enforcement of Judgment Award, filed November 5, 2015. (ECF No. 253). The motion is fully briefed and ready for disposition.

By way of background, Plaintiff filed his Complaint in this matter against several Defendants on November 2, 2012. With respect to Defendant Johnson, Plaintiff alleged that in late 2010, Defendant Johnson deliberately obstructed Plaintiff's right to seek redress of grievances, when he did not process and instead discarded Plaintiff's submitted Informal Resolution Request. Plaintiff further alleged that Defendant Johnson retaliated against Plaintiff in response to Plaintiff's exercise of his right to file grievances, by unduly prolonging Plaintiff's confinement in a restrictive housing unit, and by attempting to have Plaintiff fired from his prison job.

On September 11, 2014, in response to a series of Motions to Compel filed by Plaintiff, the Court ordered that Defendants' responses to all outstanding discovery requests were to be postmarked no later than Monday, October 6, 2014. The Court warned that "[a]ny Defendant's failure to comply with such directive may result in the imposition of sanctions against such Defendant, up to and including the striking of his pleadings." Defendant Johnson failed to respond to Plaintiff's discovery requests, and the Court therefore struck his pleadings on March 4, 2015. The

Clerk of Court then entered default against Defendant Johnson on March 17, 2015.

Plaintiff then filed a Request for Damages Attributable to Defendant Paul Johnson on June 16, 2015. In an Order entered September 1, 2015, the Court awarded Plaintiff damages against Defendant Johnson as follows: Actual Damages: $186.00; Punitive Damages: $1,000.00; and Costs: $454.50. As noted above, Plaintiff filed the instant Motion for Enforcement of Judgment Award on November 5, 2015, requesting that the Missouri Attorney General's Office be ordered to pay the default judgment awarded on September 1, 2015, out of the State Legal Expense Fund (the "Fund").

Missouri Revised Statutes Section 105.711 provides that "[t]here is hereby created a 'State Legal Expense Fund' which shall consist of moneys appropriated to the fund by the general assembly and moneys otherwise credited to such fund pursuant to section 105.716." Mo.Rev.Stat. § 105.711.1. As relevant here, assets in the fund "shall be available for the payment of any claim or any amount required by any final judgment rendered by a court of competent jurisdiction against:…(2) [a]ny officer or employee of the State of Missouri or any agency of the state…upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the state, or any agency of the state…" Mo.Rev.Stat. § 105.711.2.

"There are statutory prerequisites to payment of claims from the Fund", however. *Edwards v. Dwyer,* Case No. 1:06CV1 CAS, 2017 WL 3493792, at *3 (E.D. Mo. Aug. 15, 2017) (citation omitted). As relevant here, Missouri Revised Statutes Section 105.716 provides that "the Fund cannot be used to pay for claims and judgment against otherwise eligible persons who do not cooperate with the Attorney General," *Id.*, as follows:

> 2. All persons and entities protected by the state legal expense fund shall cooperate with the attorneys conducting any investigation and preparing any defense under the provisions of sections 105.711 to 105.726 by assisting such attorneys in all respects, including the making of settlements, the securing and giving of evidence, and the attending and obtaining witness to attend hearings and trials. *Funds in the state legal expense fund shall not be used to pay claims and judgments against those*

*persons and entities who do not cooperate as required by this subsection.*

Mo.Rev.Stat. § 105.716.2 (emphasis added).

Missouri courts have held that "[t]he failure of a defendant to tender defense to the Attorney General and to cooperate with the Attorney General in his defense prevents payment from the Fund." *Sherf v. Koster*, 371 S.W.3d 903, 908-09 (Mo. App. 2012) (citation omitted). "[T]he statute is clear that the Attorney General must be able to investigate and defend the claim. It specifically forbids payment of claims from the Fund where a defendant does not cooperate with the Attorney General in their defense." *Id.* at 909 (citation omitted).

In the instant case, Plaintiff offers no evidence that Defendant Johnson cooperated with the Attorney General's Office throughout the investigation and defense of Plaintiff's claims against him. By way of contrast, non-parties State of Missouri and Office of Missouri Attorney General attach to their response to Plaintiff's motion an affidavit from Katherine S. Walsh, in which she attests as follows:

1. I am currently employed as an Assistant Attorney General with the Missouri Attorney General's Office.
2. At all times relevant to this litigation, I was the attorney assigned to represent the defendants, including Paul Johnson.
3. I attempted to contact Paul Johnson on numerous occasions after entering my appearance as his defense counsel. I repeatedly informed him that his failure to cooperate by not contacting me would jeopardize payment by the State of Missouri from the legal expense fund of any possible judgment against him.
4. Paul Johnson never contacted me despite the numerous letters I sent him.

(Affidavit of Katherine S. Walsh, ECF No. 254-1).

Upon consideration of the foregoing, the Court finds that Defendant Johnson's failure to cooperate in the defense of Plaintiff's action precludes any payment from the Fund. *See Edwards*, 2017 WL 3493792, at *4. Plaintiff's Motion for Enforcement of Judgment Award must therefore be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Enforcement of Judgment Award (ECF No. 253) is **DENIED**.

Dated this 22nd Day of August, 2017.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE